**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Same Day Garage Door Services, | No. CV-19-04782-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Y.N.G. 24/7 Locksmith LLC, et al., | |
| Defendants. | |

Plaintiff Same Day Garage Door Services moves for default judgment against Defendant Y.N.G. 24/7 Locksmith, LLC dba Phoenix Garage Master ("Y.N.G." or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. 20.) Defendant has not filed a response. The motion is granted.

**I.  BACKGROUND**

On July 22, 2019, Plaintiff filed the Complaint against Defendants Y.N.G. 24/7 Locksmith, LLC, dba Phoenix Garage Masters; AL Services, L.L.C.; and Yavon and Jane Doe Goldenberg. (Doc. 1.) It alleges claims for unfair competition under Section 43(a) of the Lanham Act, deceptive trade practices under Arizona law, misappropriation, and equitable relief. For purposes of this Order, the facts alleged in the Complaint are assumed to be true, except as to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

Plaintiff is an Arizona company that "provides garage door repair services, installs

garage doors, sells garage door openers, and offers related products and services." (Doc. 1 ¶ 22.) An "important feature" of Plaintiff's business is providing "same day" services. (*Id*. ¶ 27.) Plaintiff operates primarily in the Phoenix metropolitan area under the names "Same Day Garage Door Repair," "Same Day Garage Door Services," and "Same Day Garage Repair Services." (*Id*. ¶ 2.) Plaintiff has registered these trade names with the Arizona Secretary of State. (*Id*. ¶ 23.) Plaintiff advertises its trademarks and trade names "extensively," including "purchasing advertising on Google and other search engines." (*Id*. ¶ 29.)

The Complaint states that Defendants use "words, Internet domain registrations and addresses, and other features in its advertising, in addition to other unfair and deceptive business practices, that are intentionally designed to mislead and confuse consumers." (*Id*. ¶ 1.) For example, Defendants have used domain names including "Same Day Garage, Tempe" and "Same Day Garage, Mesa" "with the intent to divert consumers from Plaintiff's online locations." (*Id*. ¶ 58.) Defendants have also taken other steps to "conceal their true identities in order to mislead consumers," including the use of fake business addresses. (*Id*. ¶ 36.) Plaintiff states that Defendants "have a bad faith intent to profit" through their use of domain names, terms, and other strategies intended to deceive consumers. (*Id*. ¶ 42.)

Plaintiff attempted to serve Y.N.G.'s purported statutory agent on August 8, 2019. (Doc. 11.) However, the individual located at the statutory agent's address professed no knowledge of Y.N.G. (Doc. 20 at 3.) Plaintiff then effected service on September 4, 2019 pursuant to A.R.S. § 29-606(B), which allows for service of process on the Arizona Corporation Commission when a "limited liability company fails to appoint or maintain a statutory agent at the address shown on the records of the commission." (Doc. 12.) *See* Fed. R. Civ. P. 4(e)(1) (plaintiffs may utilize the service of process rules that apply in the state in which the federal district court is located). Plaintiff has not to date filed proofs of service as to the other named Defendants.

Y.N.G. has not filed an answer, a motion to dismiss, or any other response to the

Complaint. Upon application (Doc. 17), the Clerk of the Court entered default against Y.N.G. on October 29, 2019. (Doc. 19.) Plaintiff filed the pending motion for default judgment against Y.N.G. on November 7, 2019. (Doc. 20.) Y.N.G. has not responded.

## II. DISCUSSION

### A. Default Judgment

Once a default has been entered and a defendant fails to move to set aside the default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default judgment is within the Court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In determining whether default judgment is appropriate, the Court considers the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to default judgment. Plaintiff will be prejudiced if default judgment is denied because it "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The merits of Plaintiff's claims and the sufficiency of the Complaint also favor granting the motion. Plaintiff has stated a claim for unfair competition under Section 43(a) of the Lanham Act, which prohibits the sale of goods or services through any "word, term, name, symbol, or device, or any combination thereof … which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person…" 15 U.S.C. § 1125(a)(1). The Complaint states that Y.N.G. has used words, terms, or names that are "likely to cause confusion" or to "deceive" with respect to Plaintiff's registered marks, and therefore states a claim for unfair competition under Section 43(a) of the Lanham Act. *Id*.

Plaintiff has also stated a claim for unfair competition under Arizona law. The "central tort in unfair competition at common law is known as 'palming off,' or 'passing off.' It consists in a false representation tending to induce buyers to believe that the defendant's product is that of the plaintiff...." *Fairway Constructors, Inc. v. Ahern*, 193 Ariz. 122, 124 ¶ 10 (Ct. App. 1998) (citation omitted). The purpose of the doctrine is "to prevent business conduct that is "contrary to honest practice in industrial or commercial matters." *Id*. at 124 ¶ 10 (citation omitted). Plaintiff has stated such a claim because it alleges that Y.N.G. has used deceptive names and strategies to induce buyers into believing that they are purchasing Plaintiff's services.

The Court is not convinced that Plaintiff has stated a claim for "misappropriation." (Doc. 1 ¶¶ 76-77.) With respect to this claim, Plaintiff only states that the acts "complained of herein … constitute misappropriation." (*Id*. ¶ 77.) Under A.R.S. § 44-410(2), misappropriation means "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or "[d]isclosure or use of a trade secret of another without express or implied consent." A.R.S. § 44-410(2)(a)-(b). The Complaint does not refer to any "trade secret," and Plaintiff has not presented another theory of "misappropriation." (Doc. 1.) Nonetheless, Plaintiff has stated claims for unfair competition under the Lanham Act and Arizona law, weighing in favor of default judgment.

As to the remaining *Eitel* factors, and as discussed further below, the sum of money at stake also weighs in favor of granting default judgment. There is also no possible dispute concerning material facts because upon entry of default, the factual allegations of the Complaint are taken as true. *Geddes*, 559 F.2d at 560. Y.N.G.'s failure to appear was also unlikely due to excusable neglect. Y.N.G.'s purported statutory agent did not accept service, and Y.N.G. has not responded in nearly eight months following Plaintiff's successful service via the Arizona Corporation Commission. Lastly, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits weighs against default judgment, as always. The Court finds that this factor is not sufficient to

outweigh the other *Eitel* factors, however. Plaintiff is therefore entitled to default judgment.

**B.     Damages**

Having found that entry of default judgment is proper, the next issue is one of damages. Plaintiff seeks $100,000 in damages. (Doc. 20-3 at 3.) "As a general rule, damages which result from a tort must be established with reasonable certainty.... Damages are not rendered uncertain because they cannot be calculated with absolute exactness, yet, a reasonable basis for computation must exist." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir.1993) (internal quotation marks omitted). Courts have also "accepted less precise estimates of damages where a defendant frustrates the discovery of a precise amount by defaulting in the action." *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012).

Y.N.G.'s failure to respond to the Complaint makes it is impossible for Plaintiff to prove actual damages. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). Plaintiff has, however, attempted to quantify its damages through the affidavit of Joshua Jacoby, Plaintiff's web marketing director. (Doc. 20-2.) *See Doe v. United States*, No. CV-17-01991-PHX-GMS (JZB), 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citation omitted). Mr. Jaboby estimates that Defendant's conduct has resulted in a loss of 20 calls per month, with an average "ticket" of $500 each. (*Id*. at 2.) Mr. Jacoby also states that Defendant's action has created social medial confusion, as "numerous clients who interacted with the wrong business then went to our social media, which resulted in time lost, and more importantly brand dilution." (*Id*.) Mr. Jaboby estimates damages of between $50,000 and $250,0000 "for the last 365 days alone, with more damage being incurred each day." (*Id*.) In light of Mr. Jacoby's affidavit and the Complaint's material allegations, the Court concludes that $100,000 is an appropriate damages award.

**C.     Injunction**

Plaintiff also seeks a temporary and permanent injunction. To obtain an injunction, Plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies

available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006). The Court finds that Y.N.G.'s continued actions would cause Plaintiff irreparable injury that could not be fully compensated by monetary damages. The balance of hardships also favor Plaintiff, and the public interest is not disserved by prohibiting Defendant from engaging in conduct contrary to law. Therefore, the Court will enter Plaintiff's requested injunction. *See MGA Entm't, Inc. v. Alltony Stock*, No. CV 17-08878-RGK-MRW, 2018 WL 1942140, at *4 (C.D. Cal. Apr. 17, 2018) ("Permanent injunctions are routinely granted in cases where, like the instant case, a defendant has not appeared in the action at all.").

### D. Attorneys' Fees and Costs

Plaintiff also seeks $11,550.00 in attorneys' fees. (Doc. 20-1.) The Ninth Circuit has upheld awards of attorneys' fees arising under the Lanham Act in the default judgment context "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to ... injure [plaintiff]." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (citation and internal quotation marks omitted). Here, Plaintiff alleged that Defendant's acts were "willful and deliberate, and in bad faith." (Doc. 1 ¶ 43.) Further, Plaintiff's attorneys' fees are supported by the declaration of Roger A. Wright. (Doc. 20-1.) *See Doe*, 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018). The Court finds that the attorneys' rates and time spent are reasonable in this matter, particularly in light of the efforts required to effect service given Y.N.G.'s failure to properly designate a statutory agent.

Lastly, Plaintiff requests $555.00 in costs. Courts "in the Ninth Circuit have previously awarded costs upon entering default judgment against a defendant." *Concord Servicing Corp. v. Concord Resolution Inc.*, No. CV-15-01280-PHX-JAT, 2016 WL 3653972, at *6 (D. Ariz. July 7, 2016). Plaintiff is entitled to an award of $555.00 for costs

associated with bringing this action.

### E. Entry of Judgment Against Less Than All Defendants

The remaining issue is whether to issue default judgment against Y.N.G. while other defendants remain in the case. As noted, Plaintiff has not to date filed proof of service with respect to Defendants AL Services, L.L.C., and Yavon and Jane Doe Goldenberg. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Ninth Circuit has stated that judgment should not be entered against only one defaulting defendant where a complaint alleges that defendants are jointly liable. *See In re First T.D. & Investment Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 554, 21 L.Ed. 60 (1872)).

The Court finds that entry of default judgment against Y.N.G. is appropriate. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (a district court has discretion to enter a default judgment as to less than all defendants). The Complaint does not allege that Defendants are jointly liable. Further, the Court finds that there is no just reason to delay entry of judgment. Y.N.G. has had nearly eight months to respond to the Complaint and has not done so. The Court will enter default judgment against Y.N.G. It will also require Plaintiff to show cause why the case should not be dismissed as to the remaining Defendants.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant Y.N.G. 24/7 Locksmith, LLC dba Phoenix Garage Masters in the amount of $100,000.

**IT IS FURTHER ORDERED** awarding Plaintiff attorneys' fees in the amount of $11,550.00 and costs in the amount of $555.00.

**IT IS FURTHER ORDERED** awarding Plaintiff post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that Defendant Y.N.G. 24/7 Locksmith, L.L.C. is temporarily and permanently enjoined from:

1. Using in connection with its services, the domain name, the search engine optimization techniques described herein, the word "same day garage" or the combination of "same day garage door repair" and "same day garage door service," such as "Same Day Garage Door Repair, Tempe," "SameDay Garage Door Repair, Mesa," "Same Day Garage Door Repair, Phoenix," "Mesa Same Day Garage Door Repair," or the phrases "Same Day Garage Door" or "Same Day Garage Repair" in combination with the name of any of the cities in metropolitan Phoenix, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2. Advertising, offering for sale, marketing, distributing, selling or promoting any garage door related products or services using any false designation of origin, false or misleading description of fact, or any false or misleading representation of fact;

3. Using in connection with any garage door service related products or services, any promotional materials, advertisements, fliers, brochures, proposals, labels, signs, contacts, invoices, or other materials printed, electronic or otherwise, or Internet or on-line website, which suggest that defendant offers any goods or services that are sponsored by or affiliated with Plaintiff;

4. Using confusingly similar Internet domain names including those identified herein, in connection with its business, or garage door repair and services, or website;

5. Any acts of trademark infringement, unfair competition, or use of any domain name or mark that is confusingly similar to Plaintiff's trade names and trademarks.

**IT IS FINALLY ORDERED** that no later than 14 days following entry of this Order, Plaintiff shall show cause in writing why the case should not be dismissed as to the remaining Defendants.

Dated this 2nd day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge