**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Same Day Garage Door Services, | No. CV-19-04782-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| AL Services LLC, et al., | |
| Defendants. | |

Rule 4(m) of the Federal Rules of Civil Procedure requires that service be completed within ninety (90) days of the filing of the Complaint. This case was filed on July 22, 2019. On April 2, 2020, as part of its order entering default judgment against Defendant Y.N.G. 24/7 Locksmith, LLC dba Phoenix Garage Master, the Court required Plaintiff to show cause within 14 days as to why remaining Defendants AL Services, L.L.C., Yavon Godenberg, and Jane Doe Goldenberg should not be dismissed for failure to serve. (Doc. 21 at 9.) Plaintiff has neither responded to the order to show cause nor served these Defendants. Accordingly, the Court will consider whether this matter should be dismissed.

When considering whether to dismiss an action for failure to comply with Court orders, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the first and second factors favor dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal. … It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.") (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)). The third factor at least marginally favors dismissal. *See Yourish*, 191 F.3d at 991 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"). The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court previously ordered Plaintiff to show cause why these Defendants should not be dismissed (part of Doc. 21), but Plaintiff did not respond. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute or to comply with a court order operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh in this case. Therefore, the Court will dismiss the case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

After review of the foregoing factors, the Court finds that this matter should be dismissed based on Plaintiff's failure to comply with court orders, failure to prosecute, and failure to serve. *See* Fed. R. Civ. P. 41(b), 4(m). Accordingly,

**IT IS ORDERED** that the remaining Defendants are dismissed from this action without prejudice; the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 27th day of May, 2020.

Michael T. Liburdi
United States District Judge